**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| JOSHUA MOREHOUSE, | § | |
| Individually and on behalf of all others | § | |
| similarly situated | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 7:15-cv-00057 |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| McCLINTON ENERGY GROUP, L.L.C. and | § | COLLECTIVE ACTION |
| MOTOR MILLS SNUBBING, L.L.C. | § | PURSUANT TO 29 U.S.C. § 216(b) |
| | § | |
| Defendants | § | |
| | § | |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Defendants McCLINTON ENERGY GROUP, L.L.C. ("McClinton") and MOTOR MILLS SNUBBING, L.L.C. ("MMS") (collectively, "Defendants"), hereby submit their Answer and Defenses to Plaintiff's Original Collective Action Complaint ("Complaint") as follows: .

## I.  Overview

### COMPLAINT ¶1.1:

This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq.

### ANSWER:

Defendants admit that Plaintiff Joshua Morehouse ("Plaintiff" or "Morehouse") has filed this lawsuit as a putative collective action to recover overtime wages under the FLSA. Defendant denies the remaining allegations set forth in Paragraph 1.1.

### COMPLAINT ¶1.2:

Plaintiff and the Potential Class Members are those persons who worked for Defendants MEG and MMS within the last three years and were paid a fixed salary plus a non-discretionary job bonus (day rate), but did not receive overtime for all hours worked over forty (40) in each workweek.

**ANSWER:**

Defendants admit that Plaintiff has filed this lawsuit as a putative collective action.

Defendants deny the remaining allegations set forth in Paragraph 1.2 of the Complaint.

**COMPLAINT ¶1.3:**

The FLSA requires that all forms of compensation—including the non-discretionary job bonuses/day rates paid to Plaintiff and the Potential Class Members—be included in the calculation of the regular rate of pay for overtime purposes.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 1.3 of the Complaint.

**COMPLAINT ¶1.4:**

Plaintiff and the Potential Class Members routinely work (and worked) in excess of 40 hours per workweek.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 1.4 of the Complaint.

**COMPLAINT ¶1.5:**

Plaintiff and the Potential Class Members were not paid overtime for all hours worked in excess of forty (40) hours per workweek.

**ANSWER:**

Defendants admit that Plaintiff was not typically not paid additional pay for hours worked over 40 in a workweek, if any, because Plaintiff was an exempt worker. Defendants deny the remaining allegations set forth in Paragraph 1.5 of the Complaint.

**COMPLAINT ¶1.6:**

The decision by Defendants MEG and MMS not to pay overtime compensation to Plaintiff and the Potential Class Members was neither reasonable nor in good faith.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 1.6 of the Complaint.

19917316v.1

**COMPLAINT ¶1.7:**

Defendants MEG and MMS knowingly and deliberately failed to compensate Plaintiff and the Potential Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 1.7 of the Complaint.

**COMPLAINT ¶1.8:**

Plaintiff and the Potential Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA. Specifically, Plaintiff and the Potential Class Members performed technical and manual labor type job duties in the oilfield.

**ANSWER:**

Defendants admit that Plaintiff's job duties included technical job duties in the oilfield.

Defendants deny the remaining allegations set forth in Paragraph 1.8 of the Complaint.

**COMPLAINT ¶1.9:**

Plaintiff and the Potential Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

**ANSWER:**

Defendants admit that Plaintiff seeks to recover damages under the FLSA, on behalf of himself and a putative collective, but deny that Plaintiff or the individuals he seeks to represent are entitled to damages under the FLSA, and further deny that this lawsuit is appropriate for collective treatment. Defendants deny the remaining allegations set forth in Paragraph 1.9 of the Complaint.

**COMPLAINT ¶1.10:**

Plaintiff also prays that all similarly situated workers (Potential Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

19917316v.1

**ANSWER:**

Defendants admit that Plaintiff has filed this lawsuit as a putative collective action and has requested that notice of the lawsuit be provided to allegedly similarly situated workers, but deny that Plaintiff or the individuals he seeks to represent are similarly situated, and further deny that this lawsuit is appropriate for collective treatment. Defendants deny the remaining allegations set forth in Paragraph 1.10 of the Complaint.

## II. The Parties

**COMPLAINT ¶2.1:**

Plaintiff Joshua Morehouse ("Morehouse") worked for MEG and its subsidiary MMS ("Defendants") within the meaning of the FLSA in this judicial district within the relevant three-year period. Plaintiff Morehouse's consent to be a party plaintiff is attached as Exhibit "A".

**ANSWER:**

Defendants admit that Plaintiff worked for MMS during the three-year period preceding the filing of this lawsuit, and that Plaintiff has filed a consent to participate in this lawsuit as a party plaintiff. Defendants deny the remaining allegations set forth in Paragraph 2.1 of the Complaint.

**COMPLAINT ¶2.2:**

The Potential Class Members are those current and former employees who work (or have worked) for Defendants MEG and MMS in the past three years and have been subjected to the same illegal pay system under which Plaintiff Morehouse worked and was paid.

**ANSWER:**

Defendants admit that Plaintiff has filed this lawsuit as a putative collective action. Defendants deny the remaining allegations set forth in Paragraph 2.2 of the Complaint.

**COMPLAINT ¶2.3:**

McClinton Energy Group, L.L.C. ("MEG") is a Texas limited liability company doing business in the State of Texas. Defendant MEG may be served through its registered agent for service, Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

**ANSWER:**

Defendants admit the allegations set forth in Paragraph 2.3 of the Complaint.

**COMPLAINT ¶2.4:**

Motor Mills Snubbing, L.L.C. ("MMS") is a Texas limited liability company doing business in the State of Texas. Defendant MMS may be served through its registered agent for service, Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

**ANSWER:**

Defendants admit the allegations set forth in Paragraph 2.4 of the Complaint.

### III. Jurisdiction & Venue

**COMPLAINT ¶3.1:**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 et. seq.

**ANSWER:**

Defendants admit the allegations set forth in Paragraph 3.1 of the Complaint.

**COMPLAINT ¶3.2:**

This Court has personal jurisdiction over Defendants MEG and MMS because the cause of action arose within this district as a result of Defendants' conduct within this District.

**ANSWER:**

Defendants admit that they are subject to personal jurisdiction in Texas for the purposes

of this lawsuit. Defendants deny the remaining allegations set forth in Paragraph 3.2 of the

Complaint.

**COMPLAINT ¶3.3:**

Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

**ANSWER:**

Defendants admit that venue is proper in this District. Defendants deny the remaining

allegations set forth in Paragraph 3.3 of the Complaint.

19917316v.1

**COMPLAINT ¶3.4:**

Specifically, Defendants MEG and MMS maintain their principal places of business in this District and Division and Plaintiff Morehouse resided in this District and Division throughout his employment with Defendants MEG and MMS.

**ANSWER:**

Defendants admit that they maintain their principal places of business in this District and Division. Defendants deny that Plaintiff was employed by McClinton. Defendants are without sufficient information to admit or deny the remaining allegations set forth in Paragraph 3.4 of the Complaint, and therefore deny the allegations.

**COMPLAINT ¶3.5:**

Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**

Defendants admit that venue is proper in this District.

### IV. FLSA Coverage

**COMPLAINT ¶4.1:**

At all times hereinafter mentioned, Defendants MEG and MMS each have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:**

Defendants admit that they are employers within the meaning of the FLSA, but deny that McClinton was Plaintiff's employer.

**COMPLAINT ¶4.2:**

At all times hereinafter mentioned, Defendants MEG and MMS each have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

**ANSWER:**

Defendants admit the allegations set forth in Paragraph 4.2 of the Complaint.

**COMPLAINT ¶4.3:**

At all times hereinafter mentioned, Defendants MEG and MMS each have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

**ANSWER:**

Defendants admit the allegations set forth in Paragraph 4.3 of the Complaint.

**COMPLAINT ¶4.4:**

During the respective periods of Plaintiff and the Potential Class Members' employment by Defendants MEG and MMS, these individuals provided services for Defendants MEG and MMS that involved interstate commerce.

**ANSWER:**

Defendants admit that Plaintiff provided services for MMS that involved interstate commerce. Defendants deny the remaining allegations set forth in Paragraph 4.4 of the Complaint.

**COMPLAINT ¶4.5:**

In performing the operations hereinabove described, Plaintiff and the Potential Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

**ANSWER:**

Defendants admit that Plaintiff was engaged in commerce or in the production of goods for commerce while working for MMS. Defendants deny the remaining allegations set forth in Paragraph 4.5 of the Complaint.

19917316v.1

**COMPLAINT ¶4.6:**

Specifically, Plaintiff and the Potential Class Members are (or were) non-exempt employees who worked for Defendants MEG and MMS and were engaged in oilfield services that were directly essential to the production of goods for Defendants MEG and MMS and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

**ANSWER:**

Defendants admit that Plaintiff worked for MMS and was engaged in oilfield services.

Defendants deny the remaining allegations set forth in Paragraph 4.6 of the Complaint.

**COMPLAINT ¶4.7:**

At all times hereinafter mentioned, Plaintiff and the Potential Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

**ANSWER:**

Defendants admit that Plaintiff was engaged in commerce or in the production of goods

for commerce while working for MMS. Defendants deny the remaining allegations set forth in

Paragraph 4.7 of the Complaint.

**COMPLAINT ¶4.8:**

The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all Operators and Hands who worked for McClinton Energy Group, L.L.C. and Motor Mills Snubbing, L.L.C., from April 23, 2012 to the present, who were paid a salary plus a job bonus/day rate but did not receive overtime."

**ANSWER:**

Defendants admit that Plaintiff has filed this lawsuit as a putative collective action and

that Plaintiff's definition of the proposed collective is set forth in Paragraph 4.8 of the

Complaint, but deny that Plaintiff or the individuals he seeks to represent are similarly situated,

and further deny that this lawsuit is appropriate for collective treatment. Defendants deny the

remaining allegations set forth in Paragraph 4.8 of the Complaint.

19917316v.1

**COMPLAINT ¶4.9:**

The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants MEG and MMS.

**ANSWER:**

Defendants admit that the size and identity of the proposed class could be ascertained from Defendants' records, but deny that Plaintiff or the individuals he seeks to represent are similarly situated, and further deny that this lawsuit is appropriate for collective treatment. Defendants deny the remaining allegations set forth in Paragraph 4.9 of the Complaint.

## V. Facts

**COMPLAINT ¶5.1:**

Defendants MEG and MMS provide equipment and services to the oil and gas industry on a nationwide basis. Defendants MEG and MMS maintain places of business in Texas, Oklahoma, Ohio, Pennsylvania, New York and Colorado.

**ANSWER:**

Defendants admit that MEG and MMS maintain their "places of business" in Texas. However, MEG and MMS regularly perform work in other states. Defendant denies the remaining allegations set forth in Paragraph 5.1 of the Complaint.

**COMPLAINT ¶5.2:**

To offer its services, Defendants MEG and MMS employ numerous Operators and Hands across the United States—all of these individuals make up the putative or potential class. While exact job titles may differ, these employees are subjected to the same or similar illegal pay practices for similar work in the oilfield.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 5.2 of the Complaint.

**COMPLAINT ¶5.3:**

Defendants MEG and MMS's employees—including Plaintiff and the Potential Class Members—worked (and continue to work) side-by-side on job sites throughout the Western District of Texas and the United States.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 5.3 of the Complaint.

**COMPLAINT ¶5.4:**

Plaintiff Morehouse worked for Defendants MEG and MMS as a Pump Operator and was paid a fixed salary plus a non-discretionary job bonus/day rate for time worked at a well site/drilling location.

**ANSWER:**

Defendants admit that Plaintiff worked for MMS as a Frac Pump Operator, that he was paid a fixed salary, and that he was paid a fixed day-bonus and fixed per diem (a fixed amount for reimbursement of expenses) for work performed in the field while working for MMS. Defendants deny the remaining allegations set forth in Paragraph 5.4 of the Complaint.

**COMPLAINT ¶5.5:**

Upon information and belief, Plaintiff and the Potential Class Members' primary job duties included rigging up and rigging down oilfield equipment, operating oilfield machinery, and reporting daily activities to his supervisors.

**ANSWER:**

Defendants admit that Plaintiff's job duties while working for MMS included driving large equipment to and from job sites, rigging up and rigging down oilfield equipment, operating oilfield machinery including frac pumps. Defendants deny the remaining allegations set forth in Paragraph 5.5 of the Complaint.

**COMPLAINT ¶5.6:**

In the same vein, Plaintiff and the Potential Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined well, workover, completion and operational plans.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 5.6 of the Complaint.

19917316v.1

**COMPLAINT ¶5.7:**

Plaintiff and the Potential Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by MEG and MMS and/or its clients. Virtually every job function was pre-determined by MEG and MMS, including the tools to use at a job site, the schedule of work, and related work duties. Plaintiff and the Potential Class Members were prohibited from varying their job duties outside of the predetermined parameters. Moreover, Plaintiff and the Potential Class Members' job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

**ANSWER:**

Defendants admit that Plaintiff's work for MMS was technical in nature. Defendants deny the remaining allegations set forth in Paragraph 5.7 of the Complaint.

**COMPLAINT ¶5.8:**

Plaintiff and the Potential Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the oilfield.

**ANSWER:**

Defendants admit that Plaintiff performed manual and technical labor in the oilfield. Defendants deny the remaining allegations set forth in Paragraph 5.8 of the Complaint.

**COMPLAINT ¶5.9:**

Plaintiff and the Potential Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 5.9 of the Complaint.

**COMPLAINT ¶5.10:**

Plaintiff and the Potential Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

19917316v.1

**ANSWER:**

Defendants admit that Plaintiff's job duties at MMS did not include hiring or firing Defendants' employees, or making hiring or firing recommendations. Defendants deny the remaining allegations set forth in Paragraph 5.10 of the Complaint.

**COMPLAINT ¶5.11:**

Moreover, Plaintiff and the Potential Class Members did not (and currently do not) supervise two or more employees.

**ANSWER:**

Defendants admit that Plaintiff's job duties at MMS did not including supervising two or more of Defendants' employees. Defendants deny the remaining allegations set forth in Paragraph 5.11 of the Complaint.

**COMPLAINT ¶5.12:**

Plaintiff and the Potential Class Members worked (and continue to work) long hours. Specifically, these individuals regularly worked (and continue to work) more than 12 hours in a day, and more than 80 hours in a week.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 5.12 of the Complaint.

**COMPLAINT ¶5.13:**

Upon information and belief, the non-discretionary bonuses/day rates paid to Plaintiff and the Potential Class Members were meant to encourage and motivate Plaintiff and the Potential Class Members to work harder and to reward them for their hard work.

**ANSWER:**

Defendants admit that Plaintiff's compensation from MMS was meant to reward his work for MMS. Defendants deny the remaining allegations set forth in Paragraph 5.13 of the Complaint.

19917316v.1

**COMPLAINT ¶5.14:**

Upon information and belief, the non-discretionary bonuses/day rates were based upon a pre-determined formula established by Defendants MEG and MMS. Moreover, specific criteria had to be met in order to receive the job bonuses.

**ANSWER:**

Defendants admit that Plaintiff was required to meet specific criteria in order to receive the fixed day bonus. Defendants deny the remaining allegations set forth in Paragraph 5.14 of the Complaint.

**COMPLAINT ¶5.15:**

When Plaintiff and the Potential Class Members met the criteria, they were entitled to receive the job bonuses/day rates.

**ANSWER:**

Defendants admit that Plaintiff received a fixed day bonus for meeting certain criteria. Defendants deny the remaining allegations set forth in Paragraph 5.15 of the Complaint.

**COMPLAINT ¶5.16:**

Upon information and belief, Plaintiff and the Potential Class Members received these non-discretionary bonuses/day rates on a regular and frequent basis.

**ANSWER:**

Defendants admit that Plaintiff received a fixed day bonus on a fairly regular basis. Defendants deny the remaining allegations set forth in Paragraph 5.16 of the Complaint.

**COMPLAINT ¶5.17:**

The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

**ANSWER:**

Defendants admit that the FLSA requires that overtime be paid to non-exempt employees who work more than 40 hours in a workweek at a rate of one-and-one-half times their regular

rate of pay, subject to several exceptions and limitations. Defendants deny the remaining allegations set forth in Paragraph 5.17 of the Complaint.

## COMPLAINT ¶5.18:

Under the FLSA, the regular rate of pay is the economic reality of the arrangement between the employer and the employee. 29 C.F.R. § 778.108.

## ANSWER:

Defendants deny the allegations set forth in Paragraph 5.18 of the Complaint.

## COMPLAINT ¶5.19:

Pursuant to 29 C.F.R. § 778.209, these non-discretionary job bonuses/day rates (and any other non-discretionary compensation) should have been included in Plaintiff and the Potential Class Members' regular rates of pay before any and all overtime multipliers were applied.

## ANSWER:

Defendants deny the allegations set forth in Paragraph 5.19 of the Complaint.

## COMPLAINT ¶5.20:

Not only did MEG and MMS fail to include these non-discretionary job bonuses/day rates in their employees' regular rates of pay before applying any and all overtime multipliers, Gladiator did not pay any overtime at all for work in excess of forty (40) hours per week.

## ANSWER:

Defendants are without sufficient information to admit or deny the allegation that "Gladiator did not pay any overtime at all for work in excess of forty (40) hours per week" and therefore deny the allegation. Defendants deny the remaining allegations set forth in Paragraph 5.20 of the Complaint.

## COMPLAINT ¶5.21:

MEG and MMS denied Plaintiff and the Potential Class Members overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff Morehouse regularly worked in excess of 40 hours per week but never received overtime compensation. Instead of paying overtime, MEG and MMS applied this pay practice despite clear and controlling law that states that the manual labor/technical duties which were performed by Plaintiff and the Potential Class Members consist of non-exempt work.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 5.21 of the Complaint.

**COMPLAINT ¶5.22:**

Accordingly, MEG and MMS's pay policies and practices blatantly violated (and continue to violate) the FLSA.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 5.22 of the Complaint.

## VI.  Causes Of Action

### A.  Failure To Pay Wages In Accordance With The Fair Labor Standards Act

**COMPLAINT ¶6.1:**

Defendants MEG and MMS violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 6.1 of the Complaint.

**COMPLAINT ¶6.2:**

Moreover, Defendants MEG and MMS knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation.  29 U.S.C. § 255(a).

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 6.2 of the Complaint.

**COMPLAINT ¶6.3:**

Defendants MEG and MMS knew or should have known their pay practices were in violation of the FLSA.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 6.3 of the Complaint.

19917316v.1

**COMPLAINT ¶6.4:**

Defendants MEG and MMS are sophisticated parties and employer(s), and therefore knew (or should have known) their policies were in violation of the FLSA.

**ANSWER:**

Defendants admit that they are employers. Defendants deny the remaining allegations set forth in Paragraph 6.4 of the Complaint.

**COMPLAINT ¶6.5:**

Plaintiff and the Potential Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants MEG and MMS to pay according to the law.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 6.5 of the Complaint.

**COMPLAINT ¶6.6:**

The decision and practice by Defendants MEG and MMS to not pay overtime was neither reasonable nor in good faith.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 6.6 of the Complaint.

**COMPLAINT ¶6.7:**

Accordingly, Plaintiff and the Potential Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 6.7 of the Complaint.

## B.  Collective Action Allegations

**COMPLAINT ¶6.8:**

Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

19917316v.1

**ANSWER:**

Defendants admit that Plaintiff has filed this lawsuit as a putative collective action, but deny that Plaintiff or the individuals he seeks to represent are similarly situated, and further deny that this lawsuit is appropriate for collective treatment. Defendants deny the remaining allegations set forth in Paragraph 6.8 of the Complaint.

**COMPLAINT ¶6.9:**

Other similarly situated employees have been victimized by Defendants MEG and MMS's patterns, practices, and policies, which are in willful violation of the FLSA.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 6.9 of the Complaint.

**COMPLAINT ¶6.10:**

The Potential Class Members are "all Operators and Hands who worked for McClinton Energy Group, L.L.C. and Motor Mills Snubbing, L.L.C., from April 23, 2012 to the present, who were paid a salary plus a job bonus/day rate but did not receive overtime."

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 6.10 of the Complaint.

**COMPLAINT ¶6.11:**

Defendants MEG and MMS's failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Potential Class Members.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 6.11 of the Complaint.

**COMPLAINT ¶6.12:**

Thus, Plaintiff's experiences are typical of the experiences of the Potential Class Members.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 6.12 of the Complaint.

19917316v.1

**COMPLAINT ¶6.13:**

The specific job titles or precise job requirements of the various Potential Class Members does not prevent collective treatment.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 6.13 of the Complaint.

**COMPLAINT ¶6.14:**

All of the Potential Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

**ANSWER:**

Defendants admit that employees, including those identified as "Potential Class Members," are entitled to be "properly compensated," but deny that the putative collective members are entitled to overtime compensation. Defendants deny that Plaintiff or the individuals he seeks to represent are similarly situated, and further deny that this lawsuit is appropriate for collective treatment. Defendants deny the remaining allegations set forth in Paragraph 6.14 of the Complaint.

**COMPLAINT ¶6.15:**

Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Potential Class Members are blue-collar oilfield workers entitled to overtime after 40 hours in a week.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 6.15 of the Complaint.

**COMPLAINT ¶6.16:**

Defendants MEG and MMS employed a substantial number of workers in the United States during the past three years. These workers are geographically dispersed, residing and working in states across the country. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 6.16 of the Complaint.

**COMPLAINT ¶6.17:**

Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Defendants MEG and MMS will retain the proceeds of its rampant violations.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 6.17 of the Complaint.

**COMPLAINT ¶6.18:**

Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 6.18 of the Complaint.

**COMPLAINT ¶6.19:**

Accordingly, the class of similarly situated plaintiffs should be defined as:

**ALL OPERATORS AND HANDS WHO WORKED FOR MCCLINTON ENERGY GROUP, L.L.C. AND MOTOR MILLS SNUBBING, L.L.C. FROM APRIL 23, 2012 THROUGH THE PRESENT, WHO WERE PAID A SALARY PLUS A JOB BONUS/DAY RATE BUT DID NOT RECEIVE OVERTIME.**

**ANSWER:**

Defendants admit that Plaintiff has filed this lawsuit as a putative collective action and that Plaintiff's definition of the proposed collective is set forth in Paragraph 6.19 of the Complaint, but deny that Plaintiff or the individuals he seeks to represent are similarly situated, and further deny that this lawsuit is appropriate for collective treatment. Defendants deny the remaining allegations set forth in Paragraph 6.19 of the Complaint.

19917316v.1

# VII. RELIEF SOUGHT

**COMPLAINT ¶7.1:** Plaintiff respectfully prays for judgment against Defendants MEG and MMS as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants MEG and MMS to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Defendants MEG and MMS liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order compelling the accounting of the books and records of Defendants MEG and MMS; and

i. For an Order granting such other and further relief as may be necessary and appropriate.

## ANSWER:

Defendants admit that Plaintiff seeks the relief identified in Paragraph 7.1 of the Complaint, but denies any wrongdoing, and further denies that this action is appropriate for collective treatment. Defendants deny the remaining allegations set forth in Paragraph 7.1 of the Complaint.

19917316v.1

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

In asserting these defenses, Defendants do not assume the burden of proof on any matters for which Plaintiff rightfully bears the burden of proof. In addition, Defendants are continuing to investigate Plaintiff's allegations and, therefore, reserve the right to amend their Answer and Defenses.

The term "Plaintiff," as used below, refers to any and all current and future Plaintiffs in this lawsuit.

1.      Plaintiffs are subject to the Motor Carrier Act exemption. *See* 29 U.S.C. § 213(b)(1) (establishing that the overtime provisions of the FLSA "'shall not apply . . . to . . . any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49 [of the Motor Carrier Act]"). Defendant and its customers are considered motor carriers because they provide commercial motor vehicle transportation for compensation and they are considered motor private carriers because they transport their owned, leased, or borrowed property by commercial motor vehicle for the purpose of sale, lease, rent, bailment, and/or to further a commercial enterprise. *See* 49 U.S.C. §§ 13102(14), (15). The motor vehicles that Plaintiffs operated and/or worked on and with are considered commercial motor vehicles because they have a gross vehicle weight rating (GVWR) or gross vehicle weight (GVW) of at least 10,0001 pounds, either independently or with attached trailers. Plaintiffs performed (and/or could reasonably be expected to perform) job duties consistent with the positions of drivers, drivers' helpers, loaders, or mechanics in a capacity that affected the safe operation of commercial motor vehicles in interstate or foreign commerce. *See* 29 C.F.R. §§ 782.3 - 782.6. For example, Plaintiffs drove commercial motor vehicles in the course of interstate commerce or foreign commerce, and/or they rode along in such vehicles with drivers and other crew members

to assist with driving functions. Plaintiffs also exercised judgment and discretion in planning and building a balanced load on commercial motor vehicles and attached trailers. Plaintiffs also exercised judgment and discretion in placing, distributing, and securing equipment and tools on commercial motor vehicles and attached trailers. These activities were performed in such a manner to ensure the safe operation of commercial motor vehicles and attached trailers on highways in interstate or foreign commerce. These activities occurred before, during, and after trips made in interstate and foreign commerce. Plaintiffs also performed work directed at keeping the commercial motor vehicles and attached trailers in safe working condition. Such work included inspections, adjustments, repairs, and maintenance work. These activities occurred before, during, and after trips made in interstate and foreign commerce.

2. Plaintiffs (who are not yet an ascertainable group) are exempt from the FLSA's overtime and minimum wage requirements pursuant to the exemptions set forth at 29 U.S.C. §§ 213(a), (b).

3. Defendants have not violated any applicable provisions of the FLSA. Pleading in the alternative, Defendants are not subject to liability because their acts and omissions were in good faith and in reasonable reliance on an administrative regulation, order, ruling, approval and interpretation of the United States Department of Labor, or an administrative practice or enforcement policy of the United States Department of Labor. For example, Defendants understand the employees in question are subject to the jurisdiction of the Department of Transportation and are therefore not owed any overtime pay.

4. Defendants have not violated any applicable provisions of the FLSA. Pleading in the alternative, liquidated damages are not appropriate because Defendants' acts and omissions were in good faith and Defendants have a reasonable belief that their acts and omissions did not

violate the FLSA.  For example, Defendants understand the employees in question are subject to the jurisdiction of the Department of Transportation and are therefore not owed any overtime pay.

5.  A two-year limitations period applies because Plaintiffs cannot establish a willful violation of the FLSA.

6.  Plaintiffs' claims may be barred, in whole or part, by the doctrine of equitable estoppel.  Specifically, if Plaintiffs make representations during discovery or trial in this action that are inconsistent with their prior representations, their claims may be barred by the doctrine of equitable estoppel.

7.  Plaintiffs' claims may be barred, in whole or in part, by the doctrine of judicial estoppel.  Specifically, if Plaintiffs have previously made representations in a court of law or government proceeding that are inconsistent with their representations in this lawsuit, their claims may be barred by the doctrine of judicial estoppel.

8.  Plaintiffs' claims are barred, in whole or in part, to the extent that their claims are premised on work performed in any territory not covered by the FLSA.

9.  Defendants are entitled to an offset/setoff for any and all payments that were made to employees who did not qualify for such payments.

10.  Plaintiffs are not entitled to compensation for any alleged activities subject to the Portal-to-Portal Act.

11.  Defendants presently have insufficient knowledge and information upon which to form a belief about whether they have additional defenses and/or counterclaims in this lawsuit. Defendants reserve the right to assert defenses or counterclaims as discovery progresses.

WHEREFORE, Defendants respectfully pray that Plaintiff take nothing by this action, that this action be dismissed with prejudice, and that Defendants be awarded all of their costs, expenses, and any other relief this Court deems just and proper.

Respectfully submitted,

SEYFARTH SHAW LLP


By: /s/ Dennis A. Clifford
     Dennis A. Clifford
     Texas Bar No. 24050431
     Linda C. Schoonmaker
     Texas Bar No. 17806300
     Rachel M. Hoffer
     Texas Bar No. 24065432
     SEYFARTH SHAW LLP
     700 Milam Street, Suite 1400
     Houston, Texas 77002-2812
     Phone: (713) 225-2300
     Fax:    (713) 225-2340
     rhoffer@seyfarth.com

ATTORNEYS FOR DEFENDANTS
MCCLINTON ENERGY GROUP, L.L.C.
AND MOTOR MILLS SNUBBING, L.L.C.

19917316v.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of June, 2015 a copy of the above and foregoing instrument was served by ECF on:

William Clifton (Clif) Alexander
Craig M. Sico
SICO, WHITE, HOELSCHER, HARRIS
  & BRAUCH LLP
802 N. Carancahua, Suite 900
Corpus Christi, Texas  78401

/s/ Dennis A. Clifford
Dennis A. Clifford

19917316v.1